UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. LOWERY, | ) | CASE NO. 5:06CV1775 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | **MEMORANDUM OPINION & ORDER** |
| MARGARET SPELLINGS, SECRETARY | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

The above case is before the undersigned on the motion of Defendant United States Department of Education ("Defendant") to Dismiss and/or for Summary Judgment. ECF Dkt. #29. For the foregoing reasons, this Court GRANTS Defendant's Motion.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Michael A. Lowery ("Plaintiff") was born in 1963. ECF Dkt. #29. At no time has he ever applied for a student loan, nor has he ever defaulted on a student loan. ECF Dkt. #1; ECF Dkt. #29. On or about February 28, 1990, Ohio Student Loan Commission records reflect that another Michael A. Lowery ("1949 Lowery"), born in 1949, with a similar social security number to that of Plaintiff, defaulted on a student loan. ECF Dkt. #29.

In an apparent case of mistaken identity, Plaintiff received correspondence from the Ohio Student Loan Commission attempting to collect on 1949 Lowery's student loan obligation in April and August of 1991. ECF Dkt. #1. Subsequently, the collection of the claim was assigned to Defendant United States Department of Education. *Id.*; ECF Dkt. #7.

On May 21, 2003, an administrative wage garnishment was initiated and the Department of Education sent a notice to Plaintiff that his wages would be garnished. ECF Dkt. #29.

1

Beginning August 1, 2003 and ending on May 18, 2006, Plaintiff's wages were garnished.  ECF Dkt. #29; ECF Dkt. #30, A-99-137.  At some point after the Department of Education instituted the garnishment, Plaintiff wrote to Defendant demanding that collection efforts cease, and provided to Defendant true and accurate copies of his birth certificate, Ohio driver's license and social security card, but to no avail.[1]  ECF Dkt. #1.  On May 15, 2006, after noticing that the social security numbers did not match, Plaintiff's employer contacted the collection agency and supplied it with correspondence showing that the wrong person was being garnished.  ECF Dkt. #29.  On or about Mary 18, 2006, the garnishment ceased.  ECF Dkt. #30, A-99.

On July 24, 2006, Plaintiff filed a Complaint against the United States Department of Education, Margaret Spellings, Secretary of Education, demanding relief and judgment in the form of a preliminary and mandatory injunction against Defendant enjoining the Department from any further collection attempts against Plaintiff, including garnishment, tax refund intercepts or offsets of benefits, a preliminary and mandatory injunction against Defendant enjoining the Department from reporting to any credit bureau that a loan existed between Plaintiff and Defendant,  that Defendant be ordered to instruct all credit bureaus to remove all negative information concerning Plaintiff relating to the alleged loan within 7 days, and that Defendant be ordered and instructed to provide to Plaintiff an accounting of all funds wrongfully collected and that Defendant pay over to Plaintiff all such funds with interest.  ECF Dkt. #1.  Further, Plaintiff requested a declaratory judgment declaring that no contract or loan exists between Plaintiff and Defendant the United States Department of Education.  *Id.*  Plaintiff also  requested exemplary damages to dissuade Defendant from similar future conduct against other individuals, and attorneys' fees and costs.  *Id.*

On September 27, 2006, Defendant United States Department of Education and Secretary of Education Margaret Spellings filed an Answer to Complaint.  ECF Dkt. #7.  On October 27,

---

[1]  Plaintiff's Complaint specifies only that Plaintiff notified Defendants, and does not name a specific entity or person.  ECF Dkt. #1.  Defendants deny that Plaintiff sent them documentation showing that they were garnishing pay from the wrong person.  ECF Dkt. #s 7, 29.  Nevertheless, this is not a material issue of fact since this Court finds that the point is moot.

2006, this case was transferred to the docket of the undersigned upon consent of the parties. ECF Dkt. #11.  On January 5, 2007, counsel for Plaintiff withdrew and Plaintiff has not retained new counsel.  ECF Dkt. #s 21-23.  On May 21, 2007, Defendant filed the instant Motion to Dismiss and/or Motion for Summary Judgment.  ECF Dkt. #29.  Plaintiff failed to respond to Defendant's Motion by the deadline of June 20, 2007, and to date has not responded.

## II.    STANDARD OF REVIEW

> "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

FED. R. CIV. P. 12(B).

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982).  Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting FED. R. CIV. P. 56(c)).  The moving party can discharge this burden by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial.  *Celotex*, 477 U.S. at 323; *Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995).  The evidence submitted is viewed in a light most favorable to the nonmoving

party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment.  FED. R. CIV. P. 56(e).  The nonmoving party must present additional evidence beyond the pleadings and must do so by presenting more than a scintilla of evidence in support of his or her position.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Court must grant summary judgment unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could  reasonably return a verdict for that party. *Anderson,* 477 U.S. at 249.  The court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.*  If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the court is required to enter summary judgment.  *Celotex*, 477 U.S. at 322.

When a Motion for Summary Judgment is unopposed, the Court must still consider the motion on the merits in order to determine whether judgment would be legally appropriate. *Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19 (1st Cir. 2006); *Mullen v. St. Paul Fire and Marine Ins. Co.*, 972 F.2d 446, 452 (1st Cir. 1992); *Meyer v. AmeriSourceBergen Drug Corp.*, No. 3:04 CV 7301, 2006 WL 2164713 at *2 (N.D. Ohio July 31, 2006); *but see Guarino v. Brookfield Twp.*, 980 F.2d 399, 404-405, 407 (6th Cir. 1992) (finding that a court has no duty to search the record for genuine issues of fact when a non-moving party fails to respond to a motion for summary judgment).

### III.    LAW AND ANALYSIS

####    A.    Subject Matter Jurisdiction

Plaintiff alleges subject matter jurisdiction under 28 U.S.C. § 1346, the Federal Tort Claims Act ("FTCA").  ECF Dkt. #1.   Defendant argues that Plaintiff has failed to comply with

the procedural requirements of the FTCA.  ECF Dkt. #29.  Specifically, Defendant contends that

in order for the FTCA to be the basis for waiving the federal government's sovereign immunity,

Plaintiff must first file a claim for damages with the administrative agency, in this case, the

Department of Education.  *Id.*  Indeed, filing an administrative claim is a jurisdictional

prerequisite to maintaining an action against the government.  *Rogers v. United States*, 675 F.2d

123, 124 (6th Cir. 1982); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).

> 28 U.S.C. 2401 provides that:

> > "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

28 U.S.C. 2401(b) (2000).  The burden is on the plaintiff seeking recovery under the FTCA to

plead and prove compliance with § 2401(b).  *Johnson v. The Smithsonian Institution*, 189 F.3d

180, 188 (2nd Cir. 1999), *aff'd*, 4 Fed.Appx. 69 (2nd Cir. 2001).  Plaintiff does not allege that he

at any time filed an administrative claim with the Department of Education.  ECF Dkt. #1.

Further, Defendant contends that Plaintiff has not filed an administrative claim.  ECF Dkt. #29.

Accordingly, since Plaintiff has not provided evidence to show that he has first filed an

administrative claim, this Court finds that it does not have subject matter jurisdiction under the

FTCA.

Further, Plaintiff asserted that the claims in the Complaint were brought pursuant to 5

U.S.C. § 702, and 28 U.S.C. § 2201.  ECF Dkt. #1. Section 702 provides for "an action in a court

of the United States seeking relief other than money damages..."5 U.S.C. § 702 (2000).

However, Section 702 is part of the Administrative Procedure Act, which does not confer an

implied grant of subject matter jurisdiction permitting federal judicial review of agency action.

*Califano v. Sanders*, 430 U.S. 99, 107 (1977); *see also Chelsea Community Hospital, SNF, v.

Michigan Blue Cross*, 630 F.2d 1131, 1133 (6th Cir. 1980) (noting that the APA is not an

5

independent basis of subject matter jurisdiction).

Plaintiff has not alleged any alternative basis for subject matter jurisdiction.  The Court notes that Plaintiff is currently without counsel, and pro se pleadings are to be liberally construed. *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992) *aff'd*, 12 F.3d 219 (Table) (1993); *see also West v. Adeco Employment Agency*, 124 Fed. Appx. 991, 992 (6th Cir. 2005).  However, Plaintiff's Complaint was filed by Plaintiff's counsel, and Plaintiff has filed no pleadings since the withdrawal of counsel.  Further, courts have refused to grant special treatment to pro se parties in responding to summary judgment motions.  *West*, 124 Fed. Appx. at 992; *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).  Here, Plaintiff has not responded to Defendant' Motion for Summary Judgment and the existence of a federal question is not apparent to the Court.  Accordingly, this Court finds that it does not have subject matter jurisdiction over this matter.

### B.     Monetary Damages

Even if this Court had subject matter jurisdiction, Plaintiff is not entitled to monetary damages.  Plaintiff requested return of the garnished funds with interest as well as exemplary monetary damages in order to dissuade Defendant from similar future conduct against other individuals.  ECF Dkt. #1.  Defendant contends that since the Department of Education has reimbursed Plaintiff the amount of the garnishment, Plaintiff has no basis for a claim upon which relief can be granted in regards to paragraph 3 of Plaintiff's demands for relief.  ECF Dkt. #29; ECF Dkt. #30, A-162.  Defendant further argues that the claim for exemplary damages falls under the FTCA.  ECF Dkt. #29.

In this case, Plaintiff's garnished funds have been returned.  Plaintiff makes no showing that any further garnished funds are due.  As for the prayer for interest, Plaintiff has not provided this Court with any basis under which Plaintiff could be allowed interest on the garnished wages. Plaintiff has also not cited to any provision that would allow the recovery of attorney's fees and

costs.  Accordingly, even if the Court had subject matter jurisdiction over this case, Plaintiff has no basis in fact or law for a claim for reimbursement of garnished funds,  interest or attorney's fees and costs.

### C.    Injunctive and Declarative Relief

Plaintiff requested injunctive relief pursuant to 5 U.S.C. § 702 and declaratory judgment pursuant to 28 U.S.C. § 2201 (2000).  ECF Dkt. #1.  Specifically, Plaintiff requests that this Court enjoin Defendant from any further collection attempts against Plaintiff, including garnishment, tax refund intercepts or offsets of benefits.  *Id.*  Plaintiff also requested that the Department of Education be enjoined from reporting to any credit bureau that a loan exists, and that Defendant instruct all credit bureaus to remove all negative information concerning Plaintiff. *Id.*  Further, Plaintiff requests that a declaratory judgment be entered declaring that no contract or loan exists between Plaintiff and the Department of Education

Injunctive relief is distinct from declarative relief.  *American Ass'n of Cosmetology Schools v. Riley*, 170 F.3d 1250, 1254 (9th Cir. 1999).  Accordingly, the Court will address each request for injunctive relief and declaratory relief in turn.

Turning first to injunctive relief, the Court notes that the Department of Education has already indicated that Plaintiff owes no student loan and has not defaulted on a student loan.  *See* ECF Dkt. #29.  There is no activity to enjoin at this time because Defendant is no longer garnishing his wages.  ECF Dkt. #29.  Further, since the 1949 Lowery no longer owes any student loans, Defendant contends that there can be no garnishment of Plaintiff's wages in the future.[2]  *Id.*  The Court infers that because Defendant acknowledges that Plaintiff does not have a loan, that the Department of Education will not  report to any credit bureau that a loan exists in

---

[2]        Defendant contends in its motion that the 1949 Lowery's account has been closed.  ECF Dkt. #29.  However, the exhibit provided, ECF Dkt. #30, A-85, shows 1949 Lowery's account loan balance as $0 and also notes the last payment date as 5/18/2006, the date of Plaintiff's last wage garnishment.  ECF Dkt. #30, A-5. Taking into account a lawyer's duty of candor to the court, this Court accepts Exhibit 85 and Defendant's declaration that 1949 Lowery's account is closed.  *See Thompson v. Paasche*, 950 F.2d 306, 315 n.7 (6th Cir. 1991); *Stamtec Inc. v. Anson*, 195 Fed. Appx. 473, 477 (6th Cir. 2006).

the future.  *Id.*  Thus, even assuming Plaintiff's allegations to be true, there can be no claim for injunctive relief as requested in paragraphs 1, 2 and 4 of Plaintiff's demands for relief and judgment because at this time the Department of Education has already indicated that Plaintiff owes no student loan and has not defaulted on a student loan.  *See* ECF Dkt. #29.

As for Plaintiff's request that a declaratory judgment be entered declaring that no contract or loan exists between Plaintiff and the Department of Education, Defendant avers that there is no contract or loan between Plaintiff and the Department of Education.  ECF Dkt. #29.  While declaratory judgment is distinct from injunctive relief, Plaintiff's reasoning for requesting this declaratory judgment is, presumably, to avoid any future garnishments or collection efforts.  However, Defendant has demonstrated in the memorandum and exhibits that garnishments have ceased.  *Id.*; ECF Dkt. #30, A-99-137.  Further, although the garnishment of wages was initiated by the Department of Education, it could not have occurred without Plaintiff's employer also not noticing the difference in social security numbers for roughly three years.  ECF Dkt. #29.  Finally, it is highly unlikely that another garnishment or other such collection could occur again since 1949 Lowery's loan account has been closed.  *Id.*  Accordingly, the Court finds that there is no longer any basis for a claim of declaratory judgment here, and without a response from Plaintiff to the Motion for Summary Judgment, this Court has no further evidence showing that declaratory judgment is still needed.

Lastly, Plaintiff has demanded that Defendant instruct all credit bureaus to remove the negative information, but he does not specify what information or how his credit has been damaged.  *See* ECF Dkt. #1.   The Court notes that the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.) (2000) sets out the procedures for disputing inaccurate information on a credit report. *See* http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre21.shtm (last visited June 26, 2007) (How to Dispute Credit Report Errors).  Thus,  Plaintiff may dispute any inaccurate information in his credit report by notifying the consumer reporting agency in writing, via certified mail, return

8

receipt requested, along with copies of supporting documents.  Consumer reporting agencies have 30 days from receipt of notice of the dispute to reinvestigate, free of charge, and record the current status of the disputed information or delete the item from the file.  15 U.S.C. § 1681i. (2000).  If the Department of Education, Ohio Student Loan Commission, or any other party has reported inaccurate information regarding Plaintiff's credit history arising out of 1949 Lowery's student loans, those agencies will be required to review the dispute, and report any errors to all three nationwide consumer reporting companies, which will then report the correct information. *See* http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre21.shtm.  The foregoing procedures are the most appropriate method for Plaintiff to rectify any remaining credit issues.

Thus, the Court concludes that there is no basis for claims of declaratory or injunctive relief in relation to paragraphs 1, 2, and 4 of Plaintiff's demands for relief and  judgment. Accordingly, the Court grants Defendant' Motion for Summary Judgment as to these claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment and DISMISSES Plaintiff's Complaint with prejudice.

IT IS SO ORDERED.

SIGNED and ENTERED on this 29th day of June, 2007.

s/George J. Limbert
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE

9